BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

**Dated: August 6th, 2024**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Blackjewel L.L.C., *et al.*, | Case No. 19-30289 |
| Debtors.[1] | (Jointly Administered) |
| Blackjewel Liquidation Trust by and through David J. Beckman, Trustee | |
| Plaintiff, | Adv. No. 24-03000 |
| v. | |
| Bluegrass Natural Resources, LLC; and Liquidating Trust of INMET Mining, LLC | |
| Defendants. | |

**ORDER DENYING MOTION TO DISMISS OR STAY ADVERSARY PROCEEDING AND DIRECTING PLAINTIFF TO DEMONSTRATE (1) WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND (2) WHY THIS COURT SHOULD NOT GRANT LEAVE TO BLUEGRASS TO RECOMMENCE THE EDKY ACTION**

This adversary proceeding is before the Court on the motion to dismiss, or in the alternative, to stay the adversary

[1] The former Debtors in these chapter 11 cases and the last four digits of each former Debtor's former taxpayer identification number were as follows: Blackjewel, L.L.C. (0823); Blackjewel Holdings L.L.C. (4745); Revelation Energy Holdings, LLC (8795); Revelation Management Corporation (8908); Revelation Energy, LLC (4605); Dominion Coal Corporation (2957); Harold Keene Coal Co. LLC (6749); Vansant Coal Corporation (2785); Lone Mountain Processing, LLC (0457); Powell Mountain Energy, LLC (1024); and Cumber land River Coal LLC (2213).

proceeding, ECF No. 8 (the "Motion"),[2] filed by Bluegrass Natural Resources, LLC ("Bluegrass") on June 7, 2024. The Motion requests that the Court dismiss or stay the adversary proceeding in favor of an earlier-filed case in the United States Bankruptcy Court for the Eastern District of Kentucky (the "EDKY Bankruptcy Court"), Adv. No. 24-07002 (Bankr. E.D. Ky.) (the "EDKY Action"). Id. On June 28, 2024, Blackjewel Liquidation Trust (the "Blackjewel Trust"), by and through Trustee David J. Beckman, filed an Objection to Bluegrass's Motion. ECF No. 12. On July 30, 2024, the EDKY Action was dismissed for lack of subject matter jurisdiction. EDKY Action, ECF Nos. 56 & 57. Because the EDKY Action has been dismissed, the Court will deny the motion to dismiss or stay this adversary proceeding in favor of that action as moot. Nevertheless, and for the reasons stated herein, the Court will direct the Blackjewel Trust to file a memorandum of law addressing: (1) why this adversary proceeding should not also be dismissed for lack of subject matter jurisdiction on the same bases as the EDKY Action; and (2) why this Court should not grant leave to Bluegrass to recommence the action in the EDKY Bankruptcy Court against the trustee of the Blackjewel Trust.

[2] All "ECF" numbers, unless otherwise specified, refer to the above-captioned adversary proceeding (Adv. No. 24-03000).

**Background**

Blackjewel, LLC ("Blackjewel") filed a petition for relief in this Court under chapter 11 on July 1, 2019. Case No. 19-30289, ECF No. 1. INMET Mining, LLC acquired certain mining permits, real property interests, and other assets from Blackjewel pursuant to the Court's order on September 17, 2019. Case No. 19-30289, ECF No. 1096 (the "2019 Blackjewel Sale Order"). On March 22, 2021, the Court confirmed a liquidating plan that created the Blackjewel Trust. Case No. 19-30289, ECF Nos. 2499 (plan), 2602-1 (liquidating trust agreement) & 3147 (order confirming plan). David. J. Beckman (the "Liquidating Trustee") was appointed as the liquidating trustee of the Blackjewel Trust. Case No. 19-30289, ECF No. 3147.

INMET Mining, LLC ("INMET") filed a petition for relief under chapter 11 in the EDKY Bankruptcy Court on April 5, 2023. Case No. 23-70113 (Bankr. E.D. Ky.), ECF No. 1. INMET conveyed certain assets to Bluegrass pursuant to the EDKY Bankruptcy Court's order in that case on July 13, 2023. Case No. 23-70113 (Bankr. E.D. Ky.), ECF No. 536 (the "2023 INMET Sale Order"). On December 13, 2023, the EDKY Bankruptcy Court confirmed a liquidating plan that created the INMET Liquidating Trust (the "INMET Trust"). Case No. 23-70113 (Bankr. E.D. Ky.), ECF Nos. 728-1 (plan and liquidating trust agreement) & 867 (order confirming plan). Evan Blum was appointed as the liquidating

trustee of the INMET Trust. Case No. 23-70113 (Bankr. E.D. Ky.), ECF No. 867.

Bluegrass initiated the EDKY Action by filing a complaint in the EDKY Bankruptcy Court against David J. Beckman, as Trustee of the Blackjewel Trust, on April 12, 2024. EDKY Action, ECF No. 1 (the "Bluegrass Complaint"). The Bluegrass Complaint alleges that INMET acquired certain real property in Lee County, Virginia (the "Lee County Property") pursuant to this Court's 2019 Blackjewel Sale Order. Id. ¶ 20. The Complaint seeks: (1) a determination that INMET then conveyed the Lee County Property to Bluegrass as part of the sale of INMET assets approved by the 2023 INMET Sale Order; and (2) injunctive relief and contempt sanctions against the trustee of the Blackjewel Trust for taking steps to sell the Lee County Property in violation of that order.

The Blackjewel Trust, as successor of the estates of the former debtors and debtors-in-possession in the above-captioned chapter 11 case ("Debtors") under the terms of the confirmed plan, ECF Nos. 2499 (plan) & 3147 (order confirming plan), initiated this adversary proceeding by filing a complaint in this Court against Bluegrass and the INMET Trust (collectively, the "Defendants") on May 1, 2024. ECF No. 1 (the "Blackjewel Complaint"). The Blackjewel Complaint seeks a determination that certain real properties, including the Lee County Property, were retained (the "Retained Property") pursuant to the 2019

Blackjewel Sale Order, and that neither Debtors nor the Blackjewel Trust sold or transferred ownership interest in the Retained Property. Therefore, the Complaint asserts that neither INMET nor Bluegrass ever acquired or owned the Retained Property, including the Lee County Property. Id. The Complaint further seeks damages from Defendants on account of Defendants' alleged unjust enrichment from and trespass on the Retained Property. Id.

One day after the Blackjewel Trust initiated this adversary proceeding, it filed with the EDKY Bankruptcy Court a motion to stay the EDKY Action. EDKY Action, ECF No. 11. In its motion to stay, the Trust alleged that Bluegrass initiated the EDKY Action only after learning that the Blackjewel Trust intended to commence an adversary proceeding in this Court to clarify the Blackjewel Trust's ownership interest in the Retained Property, and argued that Bluegrass "should not be rewarded for racing to [the EDKY Bankruptcy Court] in an anticipatory fashion." Id. ¶¶ 12, 23. On May 29, 2024, the EDKY Bankruptcy Court denied the Trust's motion to stay the earlier-filed EDKY Action. EDKY Action, ECF No. 38.

On June 12, 2024, the Blackjewel Trust filed a motion to dismiss the EDKY Action for lack of subject matter jurisdiction based on the Barton Doctrine, which requires a party who wishes to file suit against a trustee for acts done in the trustee's

official capacity to first obtain leave from the appointing court. EDKY Action, ECF No. 42 (citing Barton v. Barbour, 104 U.S. 126, 128 (1881); Allard v. Weitzman (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993)). On July 30, 2024, the EDKY Bankruptcy Court entered its memorandum opinion and order determining that the Barton Doctrine applied to Bluegrass's claims, and granting the Blackjewel Trust's motion to dismiss the EDKY Action. EDKY Action, ECF Nos. 56 & 57.

In light of the dismissal of the EDKY Action, the Court will deny the motion to dismiss this adversary proceeding in favor of the prior pending EDKY Action as moot. Nevertheless, the Blackjewel Trust will be required to show why this adversary proceeding should not similarly be dismissed for lack of subject matter jurisdiction over its claims against the INMET Trust based on the Barton Doctrine, and why this Court should not grant leave to Bluegrass to recommence the action in the EDKY Bankruptcy Court against the trustee of the Blackjewel Trust.

## Analysis

### A. The Blackjewel Trust should be required to show why this Court should not dismiss this case for the same reasons as stated by the EDKY Bankruptcy Court.

In Barton, the Supreme Court established that before a court may obtain jurisdiction over a suit filed against a receiver for acts committed in the receiver's official capacity, the plaintiff must obtain leave of the court that appointed the receiver. 104

U.S. at 128. This doctrine has been extended to suits against bankruptcy trustees. McDaniel v. Blust, 668 F.3d 153, 157 (4th Cir. 2012) (citing Muratore v. Darr, 375 F.3d 140, 143 (1st Cir. 2004)). To determine whether an act falls under the Barton Doctrine, courts consider the nature of the function that the trustee was performing during commission of the actions for which liability is sought. Id. The doctrine sets up a gatekeeping function that enables bankruptcy courts to protect the bankruptcy trustee from "unjustified personal liability for acts taken within the scope of his official duties." Id. (quoting Lebovits v. Scheffel (In re Lehal Assocs.), 101 F.3d 272, 276 (2d Cir. 1996)) (internal quotations omitted). Where an action is brought in violation of the Barton Doctrine, "the court in which the action was brought must dismiss it for lack of subject matter jurisdiction." In re Byrd, No. 01-25006, 2007 WL 1485441 (Bankr. D. Md. May 18, 2007); see also Fed. R. Civ. P. 12(h)(3) (incorporated by Fed. R. Bankr. P. 7012) (requiring dismissal for lack of subject matter jurisdiction).

This adversary proceeding was commenced against a liquidating trustee appointed by the EDKY Bankruptcy Court. The Blackjewel Complaint seeks, in part, a determination that INMET did not acquire the Retained Property from Debtors or the Blackjewel Trust and that, therefore, INMET could not have conveyed the Retained Property to Bluegrass. ECF No. 1. The

Complaint seeks damages from Bluegrass and the INMET Trust, as the successor to INMET, for unjust enrichment and trespass to land from alleged unauthorized use of and entry on the Retained Property. Id. The trustee of the INMET Trust was appointed by the EDKY Bankruptcy Court. Case No. 23-70113 (Bankr. E.D. Ky.), ECF No. 867. In its order dismissing the EDKY Action, the EDKY Bankruptcy Court noted that it had not granted the trustee of the Blackjewel Trust authority to sue the trustee of the INMET Trust. EDKY Action, ECF No. 56, at 5. The Blackjewel Trust has not alleged any facts that would suggest that the Barton Doctrine does not apply to this adversary proceeding. Therefore, the Court finds it appropriate to direct the Blackjewel Trust to demonstrate why this adversary proceeding, like the EDKY Action, should not be dismissed for lack of subject matter jurisdiction based on the Barton Doctrine.

**B. The Blackjewel Trust should be required to show why this Court should not permit Bluegrass to recommence the litigation in the EDKY Bankruptcy Court.**

"The Barton Doctrine does not shield a trustee from a lawsuit but rather only determines where the suit must be brought." In re Bednar, 634 B.R. 1, 6 (Bankr. W.D. Okla. 2021) (citing In re Christensen, 598 B.R. 658, 664–65 (Bankr. D. Utah 2019)). The records in this adversary proceeding and the EDKY Action and the circumstances of each case suggest that each court is equally suited and capable of resolving the issues before it.

Further, although the Barton Doctrine allows a bankruptcy court to protect a trustee from burdensome litigation in another court, the structure of the joint plan of liquidation filed by Debtors in the above-captioned chapter 11 case, Case No. 19-30289, ECF No. 2499 (the "Blackjewel Plan"), reduces the need for this Court to act in the type of gatekeeping function contemplated by the Barton Doctrine.

1. **Both this Court and the EDKY Bankruptcy Court are fully capable of and equally suited to providing the relief requested.**

Courts have applied a two-factor test for determining if leave to sue a bankruptcy trustee should be granted under the Barton Doctrine. Bednar, 634 B.R. at 7 (citing In re VistaCare Grp., LLC, 678 F.3d 218, 232-33 (3d Cir. 2012); In re Kashani, 190 B.R. 875, 885-87 (B.A.P. 9th Cir. 1995)). "First, the party seeking leave to sue a trustee must make a prima facie case against the trustee showing its claim is not without foundation." Id. (citing VistaCare Grp., 678 F.3d at 232; Kashani, 190 B.R. at 886-87). "Second, a court must then consider the potential effect of a judgment against the trustee and the debtor's estate, which requires a balancing of the interests of all parties involved and consideration of whether another tribunal may have expertise regarding the issues in the proposed suit." Id. (citing VistaCare Grp., 678 F.3d at 233; Kashani, 190 B.R. at 886-87).

The Blackjewel Liquidating Trustee can hardly assert that the complaint filed by Bluegrass in the EDKY Action lacks merit. Both the Bluegrass Complaint and the Blackjewel Complaint seek declaratory relief on the same issue — a determination of which party is the sole and lawful owner of the Lee County Property. EDKY Action, ECF No. 1; ECF No. 1. Both complaints concede that INMET, pursuant to an order in the INMET bankruptcy case, purported to convey to Bluegrass certain real property interests acquired by INMET from the 2019 Blackjewel Sale Order. EDKY Action, ECF No. 1, ¶ 2; ECF No. 1, ¶ 12. The Blackjewel Complaint asserts that the Retained Property, including the Lee County Property, was not included in the property conveyed by the 2019 Blackjewel Sale Order from Debtors to INMET, and, therefore, could not have been included in the property later conveyed by INMET to Bluegrass. ECF No. 1, ¶ 14. Therefore, the disputes in both proceedings require construction of the sale agreements underlying both the 2019 Blackjewel Sale Order and the 2023 INMET Sale Order, and the trustee of the Blackjewel Trust cannot assert that an action for declaratory relief on this basis is "without foundation."

Second, the Court must consider the potential effect of a judgment against the trustee of the Blackjewel Trust on Debtors' estate. Courts have identified several factors to be considered in balancing the interests of all parties involved. These

factors include:

1. Whether the acts or transactions relate to the carrying on of a business connected with the property of the bankruptcy estate as if the proceeding is under 28 U.S.C. § 959(a), then no approval is necessary.
2. If approval of the appointing court is necessary, whether the claims pertain to actions of the trustee while administering the estate – the court can determine if the proceeding is a core proceeding or a proceeding related to a bankruptcy case.
3. Do the claims involve an individual acting within the scope of his or her authority under the statute or orders of the bankruptcy court so that the trustee is entitled to quasi-judicial or derived judicial immunity?
4. Are the movants or proposed plaintiffs seeking to surcharge the trustee (personal judgment against the trustee)?
5. Do the claims involve the trustee's breaching his fiduciary duty either through negligent or willful misconduct?

Bednar, 634 B.R. at 7 (citing Kashani, 190 B.R. at 886-87).

The Bluegrass Complaint seeks declaratory and injunctive relief against the Blackjewel Trust for taking steps to sell the

Lee County Property in violation of the 2023 INMET Sale Order. EDKY Action, ECF No. 1. Thus, the alleged breaches attributed to the Blackjewel Liquidating Trustee relate to the trustee's fiduciary duty in administering the bankruptcy estate and are not premised on an act or transaction of carrying on Debtors' business operation, and 28 U.S.C. § 959(a) does not apply. Kashani, 190 B.R. at 884 ("The breach of a fiduciary duty in the administration of the estate does not fall within the exception provided by 28 U.S.C. § 959(a)."). The complaint does not seek any recovery personally from the Blackjewel Liquidating Trustee, and does not assert that the trustee breached his fiduciary duty through negligent or willful misconduct. Therefore, application of the above factors suggests that leave should be granted to Bluegrass to recommence the action in the EDKY Bankruptcy Court against the trustee of the Blackjewel Trust.

This step further requires a determination of which court has the expertise given the legal issues involved. Bednar, 634 B.R. at 9. As explained above, resolution of both proceedings will require construction of the sale agreements underlying both the 2019 Blackjewel Sale Order and the 2023 INMET Sale Order. The relief must be determined in one court or another, and both this Court and the EDKY Bankruptcy Court are fully capable of

and equally suited to interpreting a sale contract.[3]

**2. The terms of the confirmed plan contemplate limited oversight by this Court in supervising litigation involving the Liquidating Trustee.**

The Blackjewel Plan contemplates limited involvement by this Court in overseeing the prosecution and settlement of litigation by the Blackjewel Trust.[4] The plan provides the Blackjewel Liquidating Trustee with authority to settle any and all claims from the chapter 11 case without any notice to or action, order, or approval of the Court. See id. § 6.2.1.[5] And

---

[3] Neither the above-signed judge, nor the judge presiding over the EDKY Action entered the 2019 Blackjewel Sale Order. In interpreting that sale order, each court would be interpreting the order of another judge, and therefore neither judge is better situated for that task. Moreover, as the EDKY Bankruptcy Court observed, it is in a better position to consider whether the Blackjewel Trust's participation in the INMET bankruptcy case may have altered the parties' positions and impacted the disputes in these adversary proceedings. As observed by that court:

> The [Blackjewel Trust] glosses over its aggressive participation in the sale process in the INMET bankruptcy case. [ECF Nos. 1 ¶¶ 4-5, 24 at 1-2.] This Court is in a better position than the West Virginia bankruptcy court to evaluate how [the Blackjewel Trust]'s involvement in the sale process in the INMET case may impact the disputed issues in this adversary proceeding. Accordingly, moving the case to the West Virginia Bankruptcy Court is less efficient and would act as a tactical disadvantage for Plaintiff.

EDKY Action, ECF No. 38, at 3.

[4] No party in interest in the chapter 11 case objected to these provisions in the Blackjewel Plan.

[5] Section 6.2.1 of the liquidation plan provides:

> [A]fter the Effective Date, the Liquidation Trustee, shall have the exclusive authority to file objections to Claims, settle, compromise, withdraw, or litigate to judgment objections to any and all Claims. From and after the Effective Date, the Liquidation Trustee may settle or compromise any Disputed Claim without any further notice to or action, order, or approval of the Bankruptcy Court. The Liquidation Trustee shall have the sole authority to administer and adjust the Claims Register to reflect any such

the Liquidating Trustee has taken full advantage of this authority. As permitted under the terms of the plan, the Blackjewel Trust has settled several significant adversary proceedings without disclosure to the Court or creditors of the settlement terms or a request for approval by the Court. See Adv. No. 20-03008, ECF No. 117; Adv. No. 20-03012, ECF No. 86; Adv. No. 20-03015, ECF No. 65.

By contrast, the joint plan of liquidation filed by INMET in its chapter 11 case, Case No. 23-70113 (Bankr. E.D. Ky.), ECF No. 728 (the "INMET Plan"), contemplates more involvement by the EDKY Bankruptcy Court in overseeing the settlement of litigation by the INMET Trust. The INMET Plan provides that the trustee of the INMET Trust may settle causes of action in his sole discretion only if "such amount does not exceed $20,000." Id. at Art. IV.C. For causes of action in which the amount in controversy exceeds $20,000, the INMET Plan provides that the trustee must obtain approval of such settlement from an oversight committee comprised of certain creditors of INMET, including the Blackjewel Trust. Id.; ECF No. 728-1 ¶ 69. The Blackjewel Plan does not impose a similar restriction on the trustee of the Blackjewel Trust, and instead gives the trustee the ability to make fiduciary decisions with little disclosure or supervision.

---

settlements or compromises without any further notice to or action, order, or approval of the Bankruptcy Court.

It would be incongruous for the trustee to be permitted to litigate and resolve litigation with little oversight by this Court, but in the same breath to expect protection from litigation for which this Court has limited oversight. Regardless, for purposes of judicial economy and to avoid potentially inconsistent results, the litigation should proceed in only one court. Therefore, the Court finds it appropriate to direct the Blackjewel Trust to demonstrate why this Court should not grant leave to Bluegrass to recommence the action in the EDKY Bankruptcy Court against the trustee of the Blackjewel Trust.

For the reasons set forth herein, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The motion to dismiss, or in the alternative, to stay the adversary proceeding, ECF No. 8, filed by Bluegrass Natural Resources, LLC, is denied as moot;

2. Within twenty-one (21) days of the entry of this order, the Blackjewel Liquidation Trust shall file a memorandum of law addressing why: (a) this adversary proceeding should not be dismissed for lack of subject matter jurisdiction based on the Barton Doctrine; and (b) this Court should not grant leave to Bluegrass Natural Resources, LLC, to recommence the action in the United States Bankruptcy Court for the Eastern District of Kentucky against the trustee of the Blackjewel Liquidation Trust; and

3. Defendants shall have fourteen (14) days after service of any memorandum of law by Plaintiff within which to file a response.

[END OF DOCUMENT]

Parties to be Served
24-03000

All parties to this adversary proceeding.